IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00289-CV

 

United States Fire 

Insurance Company,

                                                                      Appellant

 v.

 

Coy Gnade, et al.,

                                                                      Appellees

 

 

 



From the 249th District Court

Johnson County, Texas

Trial Court # C-2001-00430

 



MEMORANDUM 
Opinion



 

          This insurance-coverage case arose from a judgment for
breach-of-contract damages entered after a bench trial.  This suit was severed from a declaratory
judgment action by the Gnade Plaintiffs against National Union Fire Insurance
Company (“National Union”) and U.S. Fire Insurance Company (“U.S. Fire”) when the
Texas Department of Transportation (“TxDOT”) and its engineers (“Engineers”) intervened.  TxDOT and the Engineers sued U.S. Fire,
seeking a declaration of the duty to defend in two lawsuits, and seeking to recover
already incurred defense costs and $1,250,000 paid by TxDOT in settling five
underlying lawsuits.  After a judgment
was entered for TxDOT, U.S. Fire brought this appeal.

Background

          On
March
 9, 1998, TxDOT
contracted with Champagne-Webber (“Champagne”) to repave shoulders on Interstate 35W in Tarrant County.  Champagne subcontracted with Dustrol to remove the
shoulders.  Dustrol milled away the
shoulders beginning April 23, 1998, and ending May 22, 1998.  Between
May
 30, 1998, and August 15,
 1998, at least nine
auto accidents occurred along the project site, resulting in lawsuits against Dustrol, Champagne, TxDOT, and the Engineers. 
TxDOT made a demand on U.S. Fire to defend and indemnify it in the
underlying lawsuits, which U.S. Fire refused. 
TxDOT settled five underlying lawsuits for $1,250,000.

Duty
to Defend and Indemnify

          U.S. Fire’s first issue argues that the
trial court erred by declaring that U.S. Fire breached a duty to defend and
indemnify TxDOT and its employees because those claims were not covered by the
National Union and U.S. Fire insurance policies issued to Dustrol.  It challenges the trial court’s findings of
fact and conclusions of law supporting the judgment.  We will consider individually each of U.S.
Fire’s arguments against the trial court’s judgment.

“Named-insureds”

          U.S.
Fire argues that TxDOT and the Engineers were never “named insureds” on the
declarations pages of the National Union and U.S. Fire policies.[1]  It challenges the legal and factual
sufficiency of several of the trial court’s findings of fact and its conclusion
of law that TxDOT is a named insured.

When the complaining party raises a “no
evidence” point challenging the legal sufficiency of the evidence to support a
finding that favors the party who had the burden of proof on that finding, we
must sustain the finding if, considering only that evidence and the inferences
which support the finding in the light most favorable to the finding and
disregarding evidence and inferences to the contrary, any probative evidence
supports it.  Browning-Ferris, Inc. v. Reyna, 865 S.W.2d 925, 928 (Tex. 1993). 
If there is more than a scintilla of evidence to support the finding,
the no-evidence challenge fails.  Id.  When an
appellant raises a factual sufficiency issue, we review all of the evidence to
determine if the weight of the evidence in the record supports the trial court
findings.  Koch Oil v. Wilber, 895 S.W.2d 854, 861 (Tex. App.—Beaumont 1995,
writ denied).  Conclusions of law are
reviewed de novo as legal questions.  State v. Heal, 917 S.W.2d 6, 9 (Tex. 1996). 
Conclusions of law will be upheld on appeal if the judgment can be
sustained on any legal theory supported by the evidence.  Tex. Dep’t
of Pub. Safety v. Stockton, 53
S.W.3d 421, 423 (Tex. App.—San Antonio 2001, pet. denied).

U.S. Fire argues that because TxDOT was not
listed on the Declarations pages of the National Union and U.S. Fire policies,
it was not a named insured.  However, the
trial court found that TxDOT was an “additional named insured” under National
Union policy endorsement form 61712.  The
terms “additional insured” and “additional named insured” have technical
meanings.  An additional insured is a
party protected under a policy without being named in the policy.  W.
Indem. Ins. Co. v. Am. Physicians Ins. Exch., 950 S.W.2d 185, 188-89 (Tex.
App.—Austin 1997, no writ); see also
Mark Pomerantz, Note, Recognizing the
Unique Status of Additional Named Insureds, 53 Fordham L. Rev. 117, 118
(1984).  An additional named insured is a
person or entity whose name is specifically added to the policy as an insured
after the issuance of the original policy. 
Id.  A party
typically becomes an additional named insured pursuant to an agreement
obligating the named insured to add the additional named insured to the named
insured's pre-existing insurance policy. 
Id.  The
trial court found that the intent behind the issuance of endorsement form 61712
was to assure that TxDOT was an additional named insured.

U.S. Fire argues that endorsement form 61712 is
of no significance because it confers coverage only where an additional-insured
listing is required by contract.  Form
61712 is a blanket endorsement form with the caption “Additional Insured –
Where Required Under Contract or Agreement.” 
It amends the policy to include among “Who is an Insured” persons or
organizations to whom Dustrol became obligated under contract or agreement to
insure.  However, the National Union
policy has two 61712 endorsement forms—one which contains only the blanket
endorsement and one which contains the blanket endorsement plus “Texas Dept. of
Transportation (State of Texas)” and “Duinick Bros., Inc.”  The trial court interpreted the inclusion of
the latter endorsement as specifically naming TxDOT and Duinick Bros. insureds
under the policy.

U.S. Fire argues that it is the words in the
endorsement itself that control, and that even though TxDOT is named on the
endorsement, TxDOT is only an insured if Dustrol was in fact required by
contract to insure TxDOT.  We
disagree.  U.S. Fire’s interpretation
would render the terms “Texas Dept. of Transportation (State of Texas)” and “Duinick Bros., Inc.,” as well as the
addition of the second form 61712 itself, superfluous.  The second endorsement would be meaningless
were TxDOT only insured “where required by contract,” because the first form
covers that situation.  In interpreting
the policy, we attempt to give a reasonable meaning to all provisions rather
than interpret it so that one part is inexplicable or creates surplusage.  Liberty Mut.
Ins. Co. v. American Employers Ins. Co.,
556 S.W.2d 242, 245 (Tex.
1997).   We agree with the trial court that the second
endorsement adds TxDOT as an additional named insured under the policy.

U.S. Fire argues that the endorsement naming
TxDOT and Duinick Bros. did not involve the I-35W project, and that Dustrol
never agreed to make TxDOT a named insured for all TxDOT projects or for the
I-35W project.  However, there is nothing
on the endorsement page stating that the endorsement is limited to any specific
project.

TxDOT
Engineers

          U.S.
Fire argues that even if TxDOT is an additional named insured, the TxDOT
Engineers are not entitled to coverage.  It
argues that because the “where required under contract” provision of the
endorsement distinguishes between “persons and organizations,” the endorsement
would not include TxDOT’s employees unless a contract required that the
employees receive coverage.  We disagree.  As discussed above, the endorsement names
TxDOT as an insured under the policy. 
The fact that the “where required under contract” provision would extend
coverage to persons to whom Dustrol
becomes obliged by contract to insure says nothing about whether a named
organization’s employees are insured under the policy.  The trial court found that because the second
endorsement added TxDOT as an additional named insured under section II(1) of
the National Union policy, TxDOT’s employees are insureds under section II(2)
of the policy.  We agree with the trial
court.

Known
Loss Doctrine

          U.S.
Fire argues that any coverage bestowed on TxDOT by the second endorsement 61712
is invalid under the “known loss” or fortuity doctrine.  Endorsement 61712 was added to the National
Union policy after all of the accidents giving rise to the underlying lawsuit
had occurred, but was made retroactive to be effective as of May 1, 1998, the
effective date of the original policy.  The
fortuity doctrine encompasses the proposition that insurance coverage is
precluded where the insured is, or should be, aware of an ongoing progressive
loss or known loss at the time the policy is purchased.  Two
Pesos, Inc. v. Gulf Ins. Co., 901 S.W.2d 495, 502 (Tex. App.—Houston [14th
Dist.] 1995, no writ) (citing Inland
Waters Pollution Control, Inc. v. Nat’l Union Fire Ins. Co., 997 F.2d 172,
175-77 (6th Cir. 1993)).  An insured
cannot insure against something that has already begun and which is known to
have begun.  Summers v. Harris, 573 F.2d 869, 872 (5th Cir. 1998).  It is contrary to public policy for an
insurance company knowingly to assume a loss occurring prior to its
contract.  Burch v. Commonwealth County Ins. Co., 450 S.W.2d 838, 840-41 (Tex. 1990).

          However,
the trial court found that there was no evidence of what Dustrol or TxDOT knew
about the accidents upon which claims were later filed, no evidence of whether
National Union knew about the prior occurrences, and no evidence that Dustrol
or TxDOT made any incorrect representations or concealed any information from
National Union prior to the issuance of the second endorsement 61712.  We cannot say that coverage is precluded
under the “known loss” doctrine.

Under the terms of both the National Union and
U.S. Fire policies, the unintentional failure by the insured to disclose past
occurrences cannot be used by National Union or U.S. Fire to prejudice coverage
under the policies.  The trial court
found no evidence that Dustrol or TxDOT intentionally failed to disclose
anything.  We cannot say that coverage
was precluded under the policy for failure to disclose past occurrences.

“Required
by Contract” and “Certificates of Insurance”

Because we find that TxDOT is an additional
named insured under National Union’s policy, we need not consider U.S. Fire’s
arguments that Dustrol was not required by contract to include TxDOT as an
insured under the policy and that the certificates of insurance issued to TxDOT
did not expand the policy to include TxDOT. 
The trial court’s finding that TxDOT was an additional named insured in
the National Union policy is sufficient to support its conclusion that TxDOT
was insured under the U.S. Fire policy.

Completed
Operations

          U.S.
Fire argues that TxDOT was not insured because Dustrol had completed its
operations on the I-35W project. 
However, its argument is based upon language in certain endorsements
providing coverage where required by contract. 
Endorsement 61712, which lists TxDOT as an additional named-insured,
does not include the exclusionary language cited by U.S. Fire.  We agree with the trial court that the
completed operations exclusion does not apply to endorsement 61712.  Thus we need not consider whether Dustrol’s
operations were completed at the time the accidents occurred.




Remaining
Issues

          U.S.
Fire complains generally that the trial court erred in admitting parole evidence.  Even construing the appellate rules and U.S.
Fire’s issue liberally, we do not find any specific ruling complained of by
U.S. Fire that resulted in an improper judgment.  Tex.
R. App. P. 38.9.

          U.S.
Fire also complains generally that the trial court refused to enter U.S. Fire’s
proposed findings of fact and conclusions of law.  The trial court, however, as the
trier-of-fact has no duty to make additional or amended findings that are
unnecessary.  A trial court is required
to make only additional findings and conclusions that are appropriate.  See Tex.
R. Civ. P. 298; ASAI v. Vanco Insulation Abatement, Inc., 932
S.W.2d 118, 122 (Tex. App.—El Paso 1996, no writ).  Moreover, the trial court is not required to
make additional findings which conflict with the original findings.  See Hunter v. NCNB Tex. Nat'l Bank, 857
S.W.2d 722, 727 (Tex. App.—Houston [14th Dist.] 1993, writ denied).  A request for additional findings must be
specific and should not be buried among minute differentiations or numerous
unnecessary requests.  Stuckey Diamonds v. Harris County Appraisal
Dist., 93 S.W.3d 212, 213 (Tex. App.—Houston [14th Dist.] 2002, no pet. h.).  U.S. fire requested 174 alternative findings of fact
and conclusions of law.  It complains of
no specific omission for our review.  We
find no issue on which the judgment should be reversed.




CONCLUSION

          We
overrule U.S. Fire’s issues and affirm the judgment.

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

          (Chief Justice Gray dissenting)

Affirmed

Opinion
delivered and filed March 9, 2005

[CV06]











    [1]       The policy U.S. Fire issued to Dustrol
lists National Union’s policy as its underlying policy.  It is an “umbrella policy,” and includes
among its “Insureds” “any person or organization included as an insured in the
‘Underlying Insurance.’”