Affirmed
and Memorandum Opinion filed November 17, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00087-CV

                        

 

IN THE INTEREST OF H.G.L. AND A.R.L., MINOR CHILDREN

 



 

On Appeal from the 257th District Court

Harris County, Texas

Trial Court Cause No. 1989-52825

 



 

M E M O R
A N D U M  O P I N I O N








Appellant, Eric L., as a child-support obligor, appeals the
trial court=s judgment denying his motion to confirm child-support arrearages and for
declaratory judgment.  In two issues, he contends that the trial court erred by
(1) denying his request for additional findings of fact and conclusions of law
relating to his affirmative claim of estoppel and (2) denying his motion to
confirm child-support arrearages when there was uncontroverted evidence
establishing his right to relief as a matter of law under the theory of
estoppel.  Concluding that the trial court=s refusal to adopt additional or
amended findings of fact and conclusions of law has not prevented Eric from
adequately presenting the matter of which he complains and that the trial court
did not abuse its discretion in denying Eric=s motion to confirm child-support
arrearages, we affirm.[1]

I

Eric and Sherry married on June 3, 1978.  During their
marriage, they had two daughters, H.G.L., born December 10, 1979, and A.R.L.,
born March 21, 1981.

On February 23, 1990, Eric and Sherry divorced.  In the
decree of divorce, the court appointed Sherry as managing conservator of the
children and Eric as possessory conservator.  The court also ordered Eric to
pay child support to Sherry in the amount of $450 per month until the children
reached the age of eighteen, thereafter as long as either was fully enrolled in
an accredited primary or secondary school or a program leading to a high-school
diploma, until the end of the school year in which the child graduated, or
until both children were otherwise emancipated.  At the time of divorce, H.G.L.
and A.R.L. were ten- and eight-years old, respectively.

Sherry married James Ray Eledge on June 16, 1990.  Eric and
Sherry subsequently appeared before the family court in a number of proceedings
related to visitation and child support.

Near the end of 1993, H.G.L. and A.R.L. informed Eric that
they no longer wanted to visit him even though his visitation rights were still
enforceable.  Soon afterwards, Sherry presented Eric with an affidavit of
relinquishment of parental rights (Athe affidavit@).








On March 4, 1994, after consulting an attorney, Eric signed
the affidavit and returned it to Sherry.  In the affidavit, Eric acknowledged
that (1) a lawsuit had been filed to terminate his parent-child relationship
with H.G.L. and A.R.L. and (2) Eledge was seeking to adopt the children.  Eric
further acknowledged that the affidavit was irrevocable for sixty days and,
after the sixty-day period, the affidavit would remain enforceable until Eric
revoked it.  Finally, Eric waived his right to be notified of any proceedings
or judgments in relation to the suit affecting the parent-child relationship. 
Eric never revoked the affidavit and had no contact with the children until
H.G.L. called him in 2005, when she was almost twenty-six-years old.

After 1994, Eric had no contact with Sherry or the attorney
appointed to represent the children in the termination proceeding.  No further
action was taken in relation to the affidavit, and on April 20, 1995, the
family court dismissed the termination action for want of prosecution.  Eric
was never informed his children had not been adopted.

According to Eric, he was current on his child-support
payments as of March 4, 1994.[2]  After
signing the affidavit, Eric stopped making child-support payments.  The decree
of divorce, specifically Eric=s child-support order, was never modified or vacated.  Until
March 2007, no one contacted Eric about his failure to make the required
child-support payments.  In March 2007, however, Child Support Network, a
private child-support collection agency, contacted Eric seeking collection of
unpaid child support owed and payable to Sherry.  In April 2007, Eric received
notice of liens placed on his house and vehicle for failure to pay child
support, the alleged unpaid balance being $89,718.57.








Three months later, Eric filed a Motion to Confirm Child
Support Arrearage and for Declaratory Judgment, requesting, among other relief,
that the court declare (1) Sherry was estopped from asserting any claim for
unpaid or past due child support, (2) any liens Sherry or her agent asserted or
filed to collect child support after March 4, 1994, were void and of no effect,
(3) any child-support payment obligation of Eric to Sherry ended on March 4,
1994, and (4) the amount of any present and unpaid child-support obligation
owed to Sherry was zero.[3]  The
associate judge heard and denied the motion.  Although properly served with
notice of the motion, Sherry defaulted.[4]  Eric
appealed the judgment to the presiding judge, who then held a de novo hearing. 
Sherry again did not appear, and the court again denied Eric=s motion.

Eric requested findings of facts and conclusions of law.  The
trial court made seven findings of fact and the following three conclusions of
law:  (1) A[t]he child support obligation created by the Decree of Divorce cannot be
extinguished merely by the execution of an Affidavit of Relinquishment of
Parental Rights by the person who owes the child support@; (2) A[t]here has been no other act by this
Court of continuing jurisdiction or by any other court that extinguished or in
any way modified the existing child support obligation of [Eric L.]@; and (3) A[t]here is no evidence or basis upon
which this court should find that the child support obligation no longer
exists.@

Subsequently, Eric requested additional and amended findings
of fact and conclusions of law, some of which the court adopted, but many of
which it rejected.  This appeal followed.

II

On appeal, Eric challenges the trial court=s denial of his request for
additional findings of fact and conclusions of law reflecting his claim of
estoppel.  He also argues that the trial court erred by denying his motion to
confirm child-support arrearage.








A

In his first issue, Eric complains of the trial court=s refusal to adopt additional
findings of fact and conclusions of law.  The trial court originally filed
seven findings of fact as well as the three conclusions of law set forth in
Section I, above.  Eric then timely requested thirteen additional findings of
fact, three of which the trial court adopted.[5] 
He requested fifteen additional conclusions of law, one of which (regarding
joinder of actions in an enforcement proceeding under the Family Code), the trial
court adopted.

The rejected additional findings of fact concern Sherry=s and Eric=s actions and inactions in response
to the affidavit, e.g., Sherry=s failure to notify Eric that the termination proceedings had
been dismissed and Eric=s cessation of child-support payments after March 4, 1994. 
The rejected additional conclusions of law concern whether a child-support
obligor may affirmatively seek an order confirming arrearages and may assert an
affirmative claim of estoppel against the obligee.  In his brief to this court,
Eric states that he sought the additional findings of fact establishing the
basis of his estoppel claim in the light of the undisputed evidence Ain an effort to avoid the necessity
of a remand if successful on appeal.@  He sought the additional
conclusions of law Ain hopes of narrowing the trial court=s basis for denying relief.@

After the court files original findings of fact and
conclusions of law, a party may request specified additional or amended
findings or conclusions.  Tex. R. Civ.
P. 298.  The court must then file any additional or amended findings or
conclusions that are appropriate.  Id.; see Hunter v. NCNB Tex. Nat=l Bank, 857 S.W.2d 722, 727 (Tex. App.CHouston [14th Dist.] 1993, writ
denied). 








The trial court, however, is not required to make additional
findings and conclusions that relate merely to evidentiary matters or that are
aimed at tying down the court=s reasoning rather than its conclusions.  Stuckey
Diamonds, Inc. v. Harris County Appraisal Dist., 93 S.W.3d 212, 213 (Tex.
App.CHouston [14th Dist.] 2002, no pet.). 
Additionally, if the record shows the complaining party did not suffer injury
from the court=s refusal to file additional or amended findings of fact or conclusions
of law, reversal is not required. Johnson v. McKinney Am., Inc., 9
S.W.3d 271, 277 (Tex. App.CHouston [14th Dist.] 1999, pet. denied).  Injury is
established when the refusal prevents adequate presentation of the matter being
complained of on appeal.  Id.  Particularly when requested findings
cover uncontested facts, there is no injury to the movant when the court denies
such requests.  See Boudreaux Civic Ass=n v. Cox, 882 S.W.2d 543, 550 (Tex. App.CHouston [1st Dist.] 1994, no writ).

Sherry did not present evidence or appear.  The facts are
therefore uncontested.  See id.  In his second issue, Eric presents the
merits of his estoppel claim.  Thus, the trial court=s refusal to adopt additional or
amended findings of fact and conclusions of law has not prevented Eric from
adequately presenting the matter of which he complains and does not warrant
reversal.  See Johnson, 9 S.W.3d at 277.  Accordingly, we overrule Eric=s first issue.

B








In his second issue, Eric contends that the trial court erred
in denying his motion to confirm child-support arrearage given uncontroverted
evidence supporting Ahis claim of estoppel excusing any unpaid amounts.@[6]  We apply an abuse-of-discretion
standard in reviewing a trial court=s decision to grant or deny the
relief requested in a motion for enforcement.  Chenault v. Banks, ___
S.W.3d ___, No. 14-07-01094-CV, 2009 WL 2568284, at *1 (Tex. App.CHouston [14th Dist] Aug. 20, 2009, no
pet.); see Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990) (AA court=s order of child support will not be
disturbed on appeal unless the complaining party can show a clear abuse of
discretion.@).  The test for abuse of discretion is whether the trial court acted
without reference to any guiding rules or principles, i.e., whether the act was
arbitrary or unreasonable.  Worford, 801 S.W.2d at 109.  Under the
abuse-of-discretion standard, sufficiency of the evidence is not an independent
ground of error, but is a relevant factor in assessing whether the trial court
abused its discretion.  Chenault, 2009 WL 2568284, at *1.

Eric relies primarily on Family Code section 157.263(a) and
two cases from Texas intermediate courts of appeal.  See Tex. Fam. Code
Ann. ' 157.263(a) (Vernon 2008);  Kawazoe
v. Davila, 849 S.W.2d 906, 908B09 (Tex. App.CSan Antonio 1993, no writ); LaRue
v. LaRue, 832 S.W.2d 387, 391 (Tex. App.CTyler 1992, no writ).  He relies on
the statute to argue the trial court had a mandatory duty to confirm a specific
amount of child-support arrearages (here, zero), rather than simply to deny his
motion to confirm arrearages.  He relies on Kawazoe and LaRue to
argue that the doctrine of estoppel excuses his payment of the arrearages and
forecloses Sherry=s right to collect them. 








Section 157.263(a) provides: AIf a motion for enforcement of child
support requests a money judgment for arrearages, the court shall
confirm the amount of arrearages and render one cumulative money judgment.@  Tex. Fam. Code Ann. ' 157.263(a) (emphasis added).[7] 
Eric apparently invokes this section, rather than other Family Code sections,
because of its mandatory language.  He argues that, once he brought his motion
under section 157.263, the trial court Ahad a mandatory obligation to
determine the amount of unpaid child support, and thereafter should have
considered [his] claims which excused his non-payment as provided by Texas case
law and the uncontroverted evidence he offered in support of those claims.@  See In re Gonzalez, 981
S.W.2d 313, 314, 315 (Tex. App.CSan Antonio 1998, pet. denied) (ABecause the language of section
157.263 is mandatory, the trial court erred by dismissing Gonzalez=s motion for confirmation of
arrearages.@).

We question first whether section 157.263 authorizes Eric=s action.  The statute is silent
regarding who may institute an action under section 157.263.  Eric argues that,
even though he was a child-support obligor (and thus was not seeking Aenforcement@ of the child-support order in his
case), he was entitled to Ainitiate suit@ under section 157.263.[8]









The predecessor to section 157.263 provided:  AOn the motion of an obligee or
obligor . . .  the court shall confirm the amount of child support in arrears
and shall render one cumulative judgment against the obligor for all child
support unpaid and owing . . . .@  Act of May 28, 1993, 73rd Leg.,
R.S., ch. 798, ' 14, 1993 Tex. Gen. Laws 3169, 3174 (repealed and reenacted
1995) (current version at Tex. Fam. Code Ann. ' 157.263(a)).  Thus, the predecessor
section specifically acknowledged the possibility of an obligor=s motion, even though an obligor
would rarely, if ever, be seeking to enforce payment of child support.  The
legislature indicated it did not intend a substantive change when it recodified
this section in 1995.  See House
Comm. On Juvenile Justice & Family Issues, Bill Analysis, Tex. H.B.
655, 74th Leg., R.S. (1995) (AThe intent of this bill is a nonsubstantive recodification of
the statutes relating to parents and children and suits affecting the
parent-child relationship.  This recodification does not make changes in the
meaning or intent of present law.@); Senate
Comm. On Jurisprudence, Bill Analysis, Tex. C.S.H.B. 433, 74th Leg.,
R.S. (1995) (not listing section 157.263 among substantive changes to H.B.
655); see also Jones v. Fowler, 969 S.W.2d 429, 431B32 (Tex. 1998) (referring to H.B.
655, which was not intended to create substantive changes, and H.B. 433, which
was, and observing that the Family Code section the Jones court was
construing was not among those listed in H.B. 433).

Despite containing no reference regarding who may bring an
action, section 157.263(a) does specifically and unambiguously refer to Aa motion for enforcement@ and a Arequest[]@ for Aa monetary judgment.@  Tex. Fam. Code Ann. ' 157.263(a).  Given this direct,
specific, and unambiguous language, we must disregard legislative history
indicating no substantive changes were intended.  See Fleming Foods
of Tex., Inc. v. Rylander, 6 S.W.3d 278, 286 (Tex. 1999).[9] 
Eric=s motion was not one for enforcement
and Eric was not requesting a monetary judgment.  His motion did not seek the
type of relief contemplated under section 157.263.

Additionally, even if Eric could bring an action under
section 157.263(a) and even if that section imposes a mandatory duty on the
trial court to reduce child-support arrearages to judgment, section 157.263(a),
as limited by section 157.262, does not give the trial court the discretion to
reduce the amount of arrearages to zero, as Eric was requesting.  Section
157.262, provides in part:

(a) Except as provided by this section, in
a contempt proceeding or in rendering a money judgment, the court may not
reduce or modify the amount of child support arrearages

. . . .








(e) On the expiration of the child support
order, the court may, with the agreement of the Title IV‑D agency, reduce
the amount of the arrearages assigned to the Title IV‑D agency under
Section 231.104(a) if the court finds that the obligor has complied with the
conditions set by the court under this section.

(f) The money judgment for arrearages
rendered by the court may be subject to a counterclaim or offset as provided by
this subchapter.

 

Act of May 15, 2001, 77th Leg. R.S., ch. 392, ' 3, 2001 Tex. Gen. Laws 719, 720
(amended 2009) (current version at Tex. Fam. Code Ann. ' 157.262(a), (e), (f). (Vernon Supp. 2009)).[10]

The evidence relating to the amount of arrearages established
that: (1) under the final divorce decree, Eric was required to pay child
support of $450 per month, commencing March 1, 1990; (2) at least as of March
4, 1994, Eric stopped paying child support; and, (3) as of April 2007, he had
received notice of liens on his car and house for unpaid child support in the
amount of $89,718.57 plus interest.[11]  Eric,
however, was seeking to confirm arrearages of zero.  As this court recently
explained:








In
calculating child support arrearages, the trial court=s discretion is very limited.  Family
Code section 157.262 states that a trial court Amay not reduce or modify the amount
of child support arrearages@ except as specifically provided in the Family Code.  Tex. Fam. Code Ann. ' 157.262(a) (Vernon 2008).  The trial
court Aacts as a mere scrivener in
mechanically tallying up the amount of arrearage.@  Although the trial court can award
certain offsets and credits, the trial court has no discretion to forgive or
decrease a past child support obligation. See Tex. Fam. Code Ann. ' 157.262(a).  Thus, in a
proceeding to confirm child support arrearages, the trial court=s child support calculations must be
based on the payment evidence presented, not the trial court=s assessment of what is fair or
reasonable.  As with child support arrearages, the trial court also has no
discretion to modify, forgive, or make equitable adjustments in awarding
interest on child support arrearages.

Chenault, 2009
WL 2568284, at *2 (emphasis added) (case citations omitted).

Under the facts of this case, the exceptions mentioned in
section 157.262 do not apply. See Act of May 15, 2001, 77th Leg. R.S.,
ch. 392, ' 3, 2001 Tex. Gen. Laws 719, 720 (amended 2009).  Therefore, under Chenault,
the trial court=s discretion under section 157.263(a) was limited, and the
trial court had no discretion to modify, forgive, or make equitable adjustments
in confirming the amount of child support arrearages under section 157.263.  See
Chenault, 2009 WL 2568284, at *2. 

Eric relies on LaRue and Kawazoe.  See
Kawazoe, 849 S.W.2d at 908B10; LaRue, 832 S.W.2d at 391B94.  To the extent that these cases
apply estoppel principles to requests for relief other than confirmation of
arrearages, they are not on point.  To the extent that these cases apply
estoppel principles to the confirmation of arrearages, they are from sister
courts of appeals and conflict with this court=s precedent in Chenault, and
this court must follow Chenault.  See Clear Lake City Water Auth. v.
Friendswood Dev. Co., No. 14-07-00404-CV, 2008 WL 5131932, at *1 (Tex. App.CHouston [14th Dist.] 2008, pet.
filed) (mem. op.).

For the reasons stated above, we conclude that the trial
court did not abuse its discretion when it denied Eric=s motion.[12] 
Accordingly, we overrule Eric=s second issue.

***

Having overruled Eric=s two issues, we affirm the trial
court=s judgment.

 

/s/        Jeffrey V. Brown

Justice

 

Panel
consists of Justices Frost, Brown, and Boyce.









[1]  Although Eric captioned his motion as a AMotion to Confirm Child-Support Arrearages and for
Declaratory Judgment,@ he subsequently abandoned any claim for relief under
the Texas Declaratory Judgment Act.  On appeal, Eric refers to the motion as a
motion to confirm child-support arrearages and we will do the same.





[2]  The Payment History Report from the Harris County
Child Support System showed Eric was current  through January 28, 1994.





[3]  At the hearing on his motion, Eric abandoned his
remaining requests for relief.





[4]  On appeal, Eric represents that Sherry did not
answer, and the appellate record does not contain an answer.  In its additional
findings of fact, the trial court found A[Sherry]
was duly and properly served with citation in connection with the Motion to
Confirm Child Support Arrearages and for Declaratory Judgment as filed by
[Eric] and wholly made default.@





[5]  Eric also requested  amendment of a Afinding of fact or conclusion of law,@ to delete a statement in finding
of fact number 6, that Ano suit for enforcement [was]
pending.@





[6]  Eric Areminds
the Court that this case was tried on a default basis after Sherry was served
with citation and failed to answer the suit or appear for trial.@  He then observes the trial court may render judgment
on the pleadings against a defendant who has not filed an answer.  None of the
cases he cites in support, however, are family-law cases.  See Tex. Fam.
Code Ann. ' 6.701 (Vernon 2006) (AIn a suit for divorce, the petition may not be taken as confessed if
the respondent does not file an answer.@); Agraz
v. Carnley, 143 S.W.3d 547, 553 (Tex. App.CDallas 2004, no pet.) (applying policy considerations in section 6.701
to petition to modify child support and requiring petitioner to prove
allegations in petition by preponderance of evidence).  Eric presented evidence
in support of his motion, and we therefore need not decide whether the trial
court should have rendered judgment on the unanswered motion.





[7]  Subsection (b) provides that A[a] cumulative money judgment includes (1) unpaid
child support not previously confirmed; (2) the balance owed on previously
confirmed arrearages or lump sum or retroactive support judgments; (3) interest
on the arrearages; and (4) a statement that it is a cumulative judgment.@ Tex. Fam. Code Ann.
' 157.263(b). 





[8]  Citing section 157.323 as an example, Eric observes
that the AFamily Code recognizes at least one situation where a
child support obligor may initiate suit under Chapter 157.@  Family Code section 157.323(a) provides:

 

In addition to any other
remedy provided by law, an action to foreclose a child support lien, to dispute
the amount of arrearages stated in the lien, or to resolve issues of ownership
interest with respect to property subject to a child support lien may be
brought in:

 

(1) the court in which the
lien notice was filed under Section 157. 314(b)(1);

(2) the district court of the
county in which the property is or was located and the lien was filed;  or

(3) the court of continuing
jurisdiction.

 

Tex. Fam. Code Ann. '
157.323(a) (Vernon 2008).





[9]  For a discussion of the legislative response to Fleming
Foods of Texas, Inc. v. Rylander, 6 S.W.3d  at 286, see Arias v.
Brookstone, L.P., 265 S.W.3d 459, 465 n.2 (Tex. App.CHouston [1st Dist.] 2007, pet. denied).





[10]  The 2009 amendment substituted Atitle@ for Asubchapter.@ 
Act of May 28, 2009, 81st Leg., R.S., ch.767, ' 16, 2009 Tex. Sess. Law Serv. 1942 (Vernon).





[11]  Family Code section 157.312(d) provides:

 

A child support lien arises by
operation of law against real and personal property of an obligor for all
amounts of child support due and owing, including any accrued interest,
regardless of whether the amounts have been adjudicated or otherwise determined,
subject to the requirements of this subchapter for perfection of the lien.

 

Tex. Fam. Code Ann.
' 157.312(d) (Vernon 2008).

 





[12]  Eric has asked this court to analyze his motion as
one brought under Family Code section 157.263(a). Therefore, this opinion
addresses only the issues raised regarding such a motion.  This opinion does
not address the potential availability of relief under any other part of the
Texas Family Code or any other statute or recognized claim for relief.