**Affirmed and Memorandum Opinion filed August 26, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00709-CV

---

## IN THE INTEREST OF S.D.R. AND S.L.R., CHILDREN

---

**On Appeal from the 310th District Court
Harris County, Texas
Trial Court Cause No. 2010-33051**

---

# MEMORANDUM OPINION

A father appeals the trial court's order increasing his child-support obligation. He asserts that the trial court erred in finding a material and substantial change in circumstances warranting modification of the original divorce decree. He also asserts that the trial court failed to consider evidence he presented regarding the financial burden associated with a medical condition. We affirm the trial court's order.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In April 2011, the trial court signed an agreed divorce decree between

appellant/respondent John Rensel and appellee/petitioner Kimberly Rensel. At the time of the decree, John, who is serving in the United States Air Force, was stationed overseas in Japan and earning a total income of approximately $182,000. Kimberly earned approximately $74,000. The decree contains several provisions in which the amount of John's child-support obligation is calculated based on the parties' incomes. The decree also contains provisions relating to the re-calculation of child support in the event of John's return to the United States. Since the date of the decree, John was reassigned to an Air Force base in the United States and his income was increased to approximately $142,000. Kimberly moved from Houston to nearby Katy, Texas, and her income changed to approximately $91,000. During this time, several disputes arose between the parties regarding the payment of bills related to school, health care, and extracurricular activities for S.D.R. and S.L.R., their minor children.

Kimberly filed a petition to modify provisions of the decree relating to possession and child support. At trial in this modification proceeding, both Kimberly and John testified regarding their incomes, their expenses, and the financial needs of their children. Kimberly submitted exhibits reflecting her expenses attributable to the children and testified that John had not contributed toward any of their schooling expenses or expenses for extracurricular activities. She stated that she had incurred substantial credit-card debt to make these payments. The trial court modified the decree, increasing John's child-support obligation from $1,875.00 per month to $2,532.35 per month.

## II. ISSUES AND ANALYSIS

On appeal, John asserts two issues: (1) the trial court erred in modifying his child-support obligation because the evidence does not support the trial court's finding that the parties' circumstances materially and substantially changed since

the date of the original divorce decree; and (2) the trial court erred because it failed to consider the financial burden associated with his diagnosis of Celiac's disease.

## A. Did the trial court err in determining that the parties' circumstances have materially and substantially changed since the date of the original divorce decree?

A trial court's order modifying child support is reviewed under an abuse-of-discretion standard. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). The test for abuse of discretion is whether the court acted arbitrarily or unreasonably or without reference to guiding principles. *See In re A.M.P.*, 368 S.W.3d 842, 846 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Under the abuse-of-discretion standard of review, challenges to the sufficiency of the evidence are not independent grounds of error, but relevant factors in assessing whether the trial court abused its discretion. *Id.* An abuse of discretion will not be found when the record contains some evidence of a substantial and probative character to support the trial court's ruling. *Id.*

In certain situations, the trial court may modify a prior child-support order based on its determination that the circumstances of the child or a person affected by the order have materially and substantially changed since the rendition date of the prior order. *See* Tex. Fam. Code Ann. § 156.401(a) (West 2014). In determining whether a modification in child-support payments is appropriate, a trial court should consider the circumstances of the child and the parents at the time of the prior child-support order as compared to the circumstances existing at the time of trial in the modification suit. *See id.* Upon a showing of the requisite changed circumstances, the trial court may alter the child-support obligations. *See id.* Trial courts have broad discretion to determine and modify the amount of child support that a parent must pay. *See id.* The best interest of the child is the trial

3

court's primary focus in determining questions of child support. *See id.*

At the time of the original decree, John had an income of approximately $182,000 and Kimberly had an income of approximately $74,000. The decree provided that John would pay $1,875.00 per month in child support and fifty percent of the children's expenses for private schooling and extracurricular activities, so long as his taxable income remained above a certain threshold.[1] At the time of the modification, John's income was approximately $142,000 and Kimberly's income was approximately $91,000. The taxable nature of John's income also has changed, which has dramatically affected the amount of support he provides for the children's schooling and extracurricular costs under the language of the decree. *See Branham v. Davenport*, 01-11-00992-CV, 2013 WL 5604736, at *2–3 (Tex. App.—Houston [1st Dist.] Oct. 10, 2013, no pet.) (mem. op.). John argues that his change in income is not a changed circumstance because it was contemplated by the decree and because the decree specifically provided a "step-down" provision setting his child support at $1,500 in the event that he returned to the United States. *See In re N.T.P.*, 402 S.W.3d 13, 19 (Tex. App.—San Antonio 2012, no pet.) (holding that retirement, which was contemplated at the time of the original decree did not constitute changed circumstance, but reduction in pay due to retirement constituted a material and substantial change in circumstances).

The divorce decree contained provisions relating to the possibility that he might return to the United States. Specifically, the divorce decree provides:

---

[1] Under Family Code section 154.126, if the obligor's net resources exceed the amount provided by Texas Family Code section 154.125(a), the trial court shall presumptively apply the percentage guidelines to the portion of the obligor's net resources that does not exceed that amount, and without further reference to the percentage recommended by these guidelines, the trial court may order additional amounts of child support as appropriate, depending on the income of the parties and the proven needs of the child. Tex. Fam. Code § 154.126 (West 2014).

"SUBJECT TO THE PARAGRAPH ENTITLED 'Recalculation of Child Support'. . . John . . . is obligated to pay and shall pay . . . child support of $1,875.00 per month . . . until the first day of the first month following the date of the earliest occurrence of one of the events specified." The first specified event is John's return to the United States. The decree provides that "thereafter, John . . . is ordered to pay . . . child support of $1,500.00 per month." The paragraph entitled "Recalculation of Child Support" provides: "The parties have agreed and IT IS ORDERED that in the event [John] returns to the Continental United States, [John]'s child support, as specified above, shall be recalculated based on the child support guidelines set out in Chapter 154, Texas Family Code." The next paragraph provides guidelines for Kimberly to reimburse John if the court reduces his child-support obligation and it turns out that he has overpaid.

When the language of the divorce decree is unambiguous, as in this case, we interpret the decree according to its plain language. *Reiss v. Reiss*, 118 S.W.3d 439, 441–42 (Tex. 2003). The plain language of the decree makes the provision decreasing support to $1,500 per month subject to the paragraph regarding recalculation. That paragraph states that if John returns to the United States, his child-support obligation will be recalculated under the child-support guidelines set out in Chapter 154 of the Texas Family Code. Rather than providing a specific amount of changed child support, the decree provides for a recalculation. To the extent that John's return was contemplated by the decree, the parties also contemplated recalculating his child-support obligation in accordance with the change in circumstances.

The trial court did not abuse its discretion in determining that the circumstances of parties affected by the order, namely John and Kimberly, had materially and substantially changed since the date of the original divorce decree.

5

*See Branham*, 2013 WL 5604736, at \*2–3.  Accordingly, we overrule John's first issue.

## B. Did the trial court fail to consider John's medical condition?

In his second issue, John asserts that the trial court abused its discretion in failing to consider his expenses related to his Celiac's disease in setting his child-support obligations.  John argues that the trial court's findings of fact and conclusions of law do not contain any findings about his Celiac's disease, which he asserts means that the trial court did not consider his testimony regarding his disease.  John argues that the failure to consider his disease was an abuse of discretion because he incurs extra expenses of $1,200 per month in food.

There is a general presumption that a judgment from a trial court with general jurisdiction is valid. *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999).  Findings of fact and conclusions of law are equivalent to a jury verdict on special issues. *See id.* at 252. When a trial court makesfindings of fact and conclusions of law, the reviewing court will indulge every reasonable presumption in favor of the findings and judgment. *See id.*  A trial court need not make findings of fact on every controverted fact. *See Stuckey Diamonds, Inc. v. Harris County Appraisal Dist.*, 93 S.W.3d 212, 213 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  In particular, a trial court need not make findings of fact and conclusions of law that are merely evidentiary or aimed at tying down the court's reasoning rather than its conclusions. *See id.*

The trial court made a finding of fact that it heard the parties' testimony. John's testimony included an account of his Celiac's disease.  The trial court also made conclusions of law that the order should be modified to increase John's child-support obligation.  The trial court was not required to make a finding of fact

regarding John's Celiac's disease because such a finding would relate to the court's reasoning rather than its conclusion. *See id.* The trial court's failure to make a finding of fact regarding Celiac's disease is not evidence that the trial court failed to consider that evidence. *See id.* Rather, we presume the trial court reviewed all of the evidence, including the evidence regarding John's Celiac's disease and determined that John's child-support obligation should increase in spite of his food costs. John has not rebutted the presumption that the trial court considered the evidence regarding his Celiac's disease. Accordingly, John's second issue is overruled. *See id.*; *Vickery*, 5 S.W.3d at 251.

### III. CONCLUSION

The trial court did not abuse its discretion in determining that the parties' circumstances had changed materially and substantially since the date of the original divorce decree. The trial court considered the evidence related to the financial burden of John's Celiac's disease in setting John's child-support obligation.

The trial court's final order is affirmed.

/s/     Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown.

7