**Affirmed and Memorandum Opinion filed April 9, 2023.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-22-00521-CV

**CHRISTOPHER TROY BUSHLOW, Appellant**

**V.**

**KIMBERLY TRICKETT BUSHLOW, Appellee**

**On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court Cause No. 231-633972-18**

### MEMORANDUM OPINION

The trial court signed a postdivorce-property-division final order regarding appellant Christopher Troy Bushlow and appellee Kimberly Trickett Bushlow. In three issues on appeal, Christopher complains that: (1) the trial court erred by failing to make supplemental findings of fact, as requested; (2) the trial court's findings of fact lacked sufficient support; and (3) no legal basis could support the trial court's final order. We affirm.

# I. BACKGROUND

The dispute in this case concerns the ownership of a home (the Home) purchased by Christopher and Kimberly during their marriage.[1]

In 2018, during the divorce proceedings, Christopher and Kimberly signed and notarized an agreement. The agreement identified the home as community property, but then stated the following:

> Both parties hereby agree that Kimberly Trickett Bushlow shall, pursuant to the Decree of Divorce and this agreement, become the owner of the Marital Homestead and shall assume the mortgage thereon and title shall vest in Kimberly Trickett Bushlow in fee simple absolute.
>
> Christopher Troy Bushlow does hereby grant, convey, and give all his right title, equity and interest in the Marital Homestead to Kimberly Trickett Bushlow and agrees to execute such documents as are needed to effectuate and document this transfer and conveyance and mortgage.

Immediately thereafter, Christopher moved out of the home. In May 2018, the trial court signed the final decree which did not address the ownership of the Home. In 2019, Christopher filed a petition for postdivorce division of property, asking the trial court to divide the community property that was not divided in the final decree. In 2022, the trial court signed a final order dividing undivided assets, finding that the home was Kimberly's separate property. *See* Tex. Fam. Code Ann. § 9.203 ("If a court of this state failed to dispose of property subject to division in a final decree of divorce or annulment even though the court had jurisdiction over

---

[1] The Supreme Court of Texas ordered the Court of Appeals for the Second District of Texas to transfer this appeal (No. 02-22-00230-CV) to this court. Misc. Docket No. 22-9050 (Tex. June 30, 2022); *see* Tex. Gov't Code Ann. §§ 73.001, .002. Because of the transfer, we decide the case in accordance with the precedent of the transferor court under principles of stare decisis if our decision otherwise would have been inconsistent with the transferor court's precedent. *See* Tex. R. App. 41.3.

the spouses or over the property, the court shall divide the property in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."). Christopher filed a request for findings of fact and conclusions of law. As relevant to this appeal, in its findings of fact, the trial court listed the home as Kimberly's separate property.

Christopher filed a request for additional findings of fact and conclusions of law seeking an explanation of when and/or how the home became the separate property of Kimberly. The trial court never amended its findings of fact or conclusions of law. Christopher filed a timely notice of appeal.[2]

## II. ANALYSIS

### A. Additional findings of fact

#### 1. Standard of review and applicable law

A trial court shall file findings of fact and conclusions of law within twenty days after a timely request is made. Tex. R. Civ. P. 297. Upon a party's timely request for additional findings, the trial court shall file any additional or amended findings and conclusions that are appropriate. Tex. R. Civ. P. 298.

#### 2. Application

In his first issue, Christopher asserts that the trial court erred by failing to issue additional findings. Christopher's request, in part, stated: "Petitioner requests that the Court issue an additional finding of fact clarifying when it finds that the

---

[2] A trial court that renders a divorce decree generally retains the power to enforce or clarify the property division made or approved in the decree. *See* Tex. Fam. Code Ann. § 9.002, .006(a), .008. A party may appeal from divorce decrees and postdivorce decree orders, as long as they are final, appealable orders. *See, e.g., Matter of Marriage of Denning & Stokes*, 651 S.W.3d 60, 63 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (noting that qualified-domestic-relations order, "like a divorce decree, is a final, appealable order").

[Home] became the separate property of Kimberly Trickett." However, Christopher's request for additional findings "do[es] no more than request explanations of the court's ruling in the case." *See Dura-Stilts Co. v. Zachry*, 697 S.W.2d 658, 661 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *see also Stuckey Diamonds, Inc. v. Harris Cnty. Appraisal Dist.*, 93 S.W.3d 212, 213 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("Additional findings and conclusions are not required if they are merely evidentiary, or aimed at tying down the court's reasoning rather than its conclusions.").

We overrule Christopher's first issue.

## B.    Finding the Home as Kimberly's separate property

In his second and third issues, which we address together, Christopher argues that the trial court abused its discretion in finding the home was Kimberly's separate property. Specifically, Christopher argues that the evidence is legally and factually insufficient to support the trial court's award of the home to Kimberly as her separate property.

A trial court has wide discretion in ordering "a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party[.]" Tex. Fam. Code Ann. § 7.001. Thus, challenges to the legal and factual sufficiency of the evidence are not independent grounds of error, but merely relevant factors in assessing whether the trial court abused its discretion in dividing a marital estate. *Zieba v. Martin*, 928 S.W.2d 782, 786 (Tex. App.—Houston [14th Dist.] 1996, no writ). "An abuse of discretion does not occur where the trial court bases its decision on conflicting evidence or where some evidence of a substantial and probative character exists to support the trial court's division." *Id.*

Christopher asserts that the provision in the agreement purporting to give the

4

home to Kimberly is unenforceable because the agreement was never incorporated or referenced in the final decree of divorce. *See* Tex. Fam. Code Ann. § 7.006 (agreement incident to divorce or annulment). Therefore, Christopher argues that the Home was community property that should have been divided. Kimberly argues that even if the agreement did not constitute an agreement incident to divorce, the agreement constituted a partition agreement conveying the home to Kimberly. *See* Tex. Fam. Code Ann. § 4.102 ("At any time, the spouses may partition or exchange between themselves all or part of their community property, then existing or to be acquired, as the spouses may desire.").

Texas law requires a finding by the trial court that the terms of [an agreement incident to divorce are just and right. Tex. Fam. Code Ann. § 7.006(b) ("If the court finds that the terms of the written agreement in a divorce or an annulment are just and right, those terms are binding on the court."). In other words, an agreement incident to divorce requires judicial approval to be enforceable. *Byrnes v. Byrnes*, 19 S.W.3d 556, 559 n.2 (Tex. App.—Fort Worth 2000, no pet.). In contrast, a partition agreement does not require judicial approval; it merely needs to be (1) in writing and (2) signed by both parties. Tex. Fam. Code Ann. § 4.104. Caselaw also requires that a partition agreement either contain a specific reference to "partition" or show an intent to convert community property into separate property. *See Byrnes*, 19 S.W.3d at 559.

The trial court was presented with conflicting evidence regarding the nature of the conveyance of the home to Kimberly. On one hand, some evidence suggests that the conveyance was intended as an agreement incident to divorce that required judicial approval. The document itself was titled "Agreement Incident to Divorce." The agreement also contained a section titled "*Court Approval,*" stating the parties "will submit this Agreement, made in accordance with Section 7.006 of the Texas

Family Code, to the Court."[3] Referencing Family Code section 7.006 which governs agreements incident to divorce is some evidence that the parties contemplated that their agreement would not be binding unless approved by the trial court.

On the other hand, there is some evidence that suggests the portion of the agreement conveying the Home to Kimberly constituted a partition or exchange agreement. First, the agreement was in writing, signed by both parties, and shows a clear intent to convert community property—the Home—into separate property. *See Byrnes*, 19 S.W.3d at 559. The agreement identifies the Home as community property but then states that Christopher grants his rights to Kimberly so that she possesses the home in "fee simple absolute." Additionally, the language of the agreement does not convey the Home to Kimberly on a future date or under certain conditions. *Cf. Bradley v. Bradley*, 725 S.W.2d 503, 504 (Tex. App.—Corpus Christi–Edinburg 1987, no writ) (concluding that spousal agreement was not partition agreement because instead of conveying an intent to partition property immediately, it "merely evince[ed] an intent to do so in the future"). Instead, the Agreement uses the present tense: "Christopher Troy Bushlow does hereby grant, convey, and give all his right title, equity and interest in the Marital Homestead to Kimberly Trickett Bushlow and agrees to execute such documents as are needed to effectuate and document this transfer and conveyance and mortgage." This language suggests that the parties intended "to effect an immediate transfer of interest upon the signing of this agreement." *Byrnes*, 19 S.W.3d at 560. Furthermore, while it is true that the language of the agreement indicated the

---

[3] The parties have not referred to any precedent, nor are we aware of any, where including such language requiring court approval automatically transforms a conveyance into an agreement incident to divorce requiring judicial approval. However, we note that parties including such language do so at their own peril because it creates ambiguity regarding the intent of the parties and the nature of the conveyance.

6

parties "will" submit the agreement to the trial court, the agreement did not condition its enforceability on the trial court's approval. *Cf. id.* (concluding that spousal agreement was not partition agreement because it specifically stated "This agreement will be submitted to the court for approval").

Further, according to testimony presented to the trial court, after signing the agreement, Christopher moved out of the home. Since he moved out almost 6 years ago, Christopher has not contributed to payment of the property taxes or mortgage payments of the Home; Kimberly has been solely responsible for the mortgage and property taxes, as contemplated in the agreement. This evidence, supporting the final decree of the trial court, suggests that the parties understood the agreement to be a partition-or-exchange agreement, which was immediately effective without court approval. *See Ahmed v. Ahmed*, 261 S.W.3d 190, 195 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (observing that evidence that parties understood terms of their agreement could have been credited by the factfinder to enforce agreement as a partition and exchange agreement).

Even though the trial court's order does not specifically reference the agreement, the trial court's conclusion that the Home was Kimberly's separate property is consistent with concluding that the parties intended the agreement, at least in part, to be a partition-or-exchange agreement. Thus, given the conflicting evidence regarding the nature of the agreement, we cannot conclude that the trial court abused its discretion in finding that the Home was Kimberly's separate property. *See Zieba*, 928 S.W.2d at 786. We overrule Christopher's second and third issues.[4]

---

[4] We do not decide here whether the agreement constituted a deed. Our opinion is limited to concluding that the trial court did not abuse its discretion.

### III. CONCLUSION

We affirm the postdivorce-property-division final order as challenged on appeal.


/s  Charles A. Spain
    Justice

Panel consists of Justices Jewell, Spain, and Wilson.